# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

### CIVIL ACTION NO. 4:07-CV-153

**BREWER MACHINE & CONVEYOR**
**MFG. CO., INC.**                                                                                  **PLAINTIFF**

**V.**

**OLD NATIONAL BANK, ET. AL.**                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the Plaintiff to remand this action to state court (DN 6) and upon a motion to dismiss by Defendants (DN 3). The Plaintiff argues that remand is required because there is not complete diversity of citizenship. The Defendants argue that remand is inappropriate since one of the defendants was fraudulently joined to defeat diversity jurisdiction. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's motion to remand is **GRANTED** and the Defendants' motion to dismiss is moot.

### I. FACTS

The Plaintiff, Brewer Machine & Conveyor Mfg. Co., Inc. ("Brewer"), is a small, family-owned business that makes machinery which produces specialized wood products, such as pallets and whiskey barrels. Between June 2000 and May 2007, Brewer began experiencing financial difficulties. Brewer contacted its bank, Defendant Old National Bank ("ONB"), for help in analyzing its accounts and determining the source of its losses. Around May 2004, Brewer specifically approached Defendant Peggy Williams, the Regional President of ONB, and asked if she would conduct an investigation to determine the source of Brewer's lost income and Williams agreed to perform these services. Following the investigation, however, the Bank informed the

Plaintiff that it could not determine the source of Brewer's loss. At some point, it was discovered that Brewer's bookkeeper had been making unauthorized payments to herself and her boyfriend totaling over $3.2 million.

On November 30, 2007 Brewer brought this action against Old National Bancorp, Old National Bank ("the Bank"), and Peggy Williams in Muhlenberg County (Kentucky) Circuit Court. In the Complaint, Brewer alleges that it maintained various accounts at ONB and that the Defendants were negligent, violated various state statutes, breached fiduciary duties, and breached certain contracts with respect to Brewer's accounts. On December 20, 2007, the Defendants removed the action to this Court, alleging that the Court has diversity jurisdiction because Williams was fraudulently joined as a Defendant.

The Plaintiff has now filed a motion to remand the action to Muhlenberg Circuit Court and Defendants have filed a motion to dismiss the Plaintiff's claims against Williams.

## II. LEGAL STANDARD

In Coyne v. American Tobacco Co., the Sixth Circuit clearly outlined how district courts should approach allegations of fraudulent joinder. 183 F.3d 488 (6th Cir. 1999). In Coyne, the court stated:

> When reviewing the denial of a motion to remand a case to state court, we first look to determine whether the case was properly removed to federal court. See Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996). When an action is removed based on diversity, we must determine whether complete diversity exists at the time of removal. Indeed, "diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." SHR Ltd. Partnership v. Braun, 888 F.2d 455, 456 (6th Cir. 1989); accord Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L. Ed. 435 (1806). In this regard, a party "seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." [Certain Interested Underwriters at Lloyd's v.] Layne, 26 F.3d at 41; Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989) (stating that "the party seeking

removal bears the burden of establishing its right thereto").

Moreover, this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. See <u>Alexander v. Electronic Data Sys. Corp.</u>, 13 F.3d 940, 949 (6th Cir. 1994); accord <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998) (noting that "fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity"). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. See <u>Alexander</u>, 13 F.3d at 949. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." <u>Id</u>. All doubts as to the propriety of removal are resolved in favor of remand. <u>Id</u>

183 F.3d 488, 492-93 (6th Cir. 1999).

### III. ANALYSIS

As <u>Coyne</u> emphasizes, the burden of proof rests with the party seeking to remove the action to federal court. Here, the Defendants argue that Williams was improperly joined since the Complaint fails to state a claim against her in her individual capacity. The Defendants note that the Complaint contains only the three following references to Williams:

> *Defendant Peggy Williams is an officer of and/or the Bank is a Kentucky resident*. (DN 1, Attach. 4, Complaint, ¶ 4).

> *[O]n information and belief Defendant Peggy Williams...is a resident of Muhlenberg County, Kentucky.* (Id., ¶ 6).

> *Defendant Williams performed and/or headed the investigation/analysis on behalf of Brewer*. (Id., ¶ 40).

In response, the Plaintiff argues that the Complaint clearly and adequately brings claims against Williams individually since the Complaint identifies Peggy Williams as a defendant, "in her official and individual capacity," on the first page of the Complaint and then brings claims against the "Defendants" for fraud in the inducement; negligent investigation; negligent processing of

transfers; breach of fiduciary duty; breach of contracts; breach of good faith and fair dealing; and violation of K.R.S. 355.4A-101. The Defendants argue that even if the above-referenced language in the Complaint is construed as an attempt to assert these claims against Williams individually, the allegations in the Complaint are not sufficient to establish a cause of action against Williams under Kentucky law. In light of these arguments, the Court must determine whether there is a "colorable basis for predicting" that the Plaintiff could recover against Williams for any one of the claims set forth in the Complaint.

**A. Negligence Claims**

In Count II of the Complaint, the Plaintiff alleges that the "Defendants" were negligent in the investigation they conducted to determine the source of the Plaintiff's lost income. It is within this Count that the Complaint states that "Defendant Williams performed and/or headed the investigation/analysis on behalf of [the Plaintiff]." ((DN 1, Attach. 4, Complaint, ¶ 40). In Count III of the Complaint, the Plaintiff alleges that the "Defendants" were negligent in the processing, management, and reporting of the Plaintiff's accounts. The Defendants argue that Williams cannot be held personally liable for negligence as long as she was acting within the scope of her duties with the Bank since she owed no personal duty of care to the Plaintiff.

Kentucky law is clear that an agent is personally liable for his or her own tortious actions even when done within the scope of employment. See, e.g., Young v. Vista Homes, Inc., 2007 Ky. App. LEXIS 12, *22-23 (Ky. Ct. App. 2007)(holding that while "an officer, director, or shareholder, when acting as agent of a corporation, is [generally] protected from personal liability when acting within his authority to bind the principal,....an agent or corporate officer is not immune from liability for his own intentional misconduct or for negligence based upon a breach of his own duty." What

4

is less clear to the Court, however, is whether Kentucky courts require that an agent of a corporation owe a *personal* legal duty directly to the plaintiff, *independent* of the duty owed by the corporation, for the agent to be held personally liable for negligence. The Defendants argue that because Williams only owed the Plaintiff a duty in her capacity as the Bank's agent to non-negligently perform an investigation into the source of the Plaintiff's lost funds, she cannot be held personally liable for a breach of that duty. However, there are at least two cases which are in seeming conflict with this view. The first is a recent case from the Eastern District of Kentucky in which the court concluded, after a careful review of Kentucky case law, that "an employee can owe a duty to third parties that arises from and is dependent upon [her] particular position for the employer." Conn v. Anthem Health Plans of Kentucky, 2006 U.S. Dist. LEXIS 13461, *14-15 (E.D.Ky. 2006). In the second case, the Sixth Circuit also implies that it is not necessary for an individual defendant to breach an independent personal duty owed to a plaintiff to be held personally liable. Enos v. Kentucky Distilleries, 189 F. 342, 346 (6th Cir. 1911). In Enos, the court stated that well-settled Kentucky law provides that "the servant whose negligent act creates the liability of the corporation may, as a matter of right, be joined as defendant with the corporation." Id.

Finally, to the extent that the Defendants argue that the negligence claim against Williams is barred by the economic loss doctrine, the Court declines to so hold. The Defendants have pointed the Court to no case which would suggest that a Kentucky court would apply the economic loss doctrine here. Indeed, in the very case cited by the Defendants to support their proposition that "Kentucky law does not allow a plaintiff to state a negligence claim based on a contractual duty," the Kentucky Supreme Court declined to expressly adopt the economic loss doctrine. Presnell Contr. Managers, Inc. v. EH Contr. LLC, 134 S.W.3d 575, 581 (Ky. 2004). Further, federal courts charged

with the task of applying Kentucky law have predicted that Kentucky courts would limit the application of the economic loss rule to products liability cases, business purchases cases, and construction cases. Davis v. Siemens Medical Solutions, USA Inc., 399 F.Supp.2d 785, 801 (W.D.Ky. 2005); Ohio Casualty Ins. Co. v. Vermeer Mfg. Co., 298 F.Supp.2d 575, 577-578 (W.D. Ky. 2004); Mt. Lebanon Personal Care Home Inc.v. Hoover Universal Inc., 276 F.3d 845, 849 (6th Cir. 2002); Bowling Green Municipal Utilities v. Thomasson Lumber Co., 902 F.Supp. 134 (W.D. Ky. 1995).

Thus, because the Court must resolve all "ambiguities in the controlling . . . state law in favor of the non-removing party," the Court concludes that the Defendants have not met their burden of establishing the lack of a "colorable" negligence claim against Williams.

**B. Fraud in the Inducement**

In Count I of the Complaint, the Plaintiff alleges that the "Defendants" fraudulently induced the Plaintiff into entering service and banking agreements with the Defendants by making material misrepresentations that they would "perform services in accordance with standard banking practices" and that "they had properly processed electronic transfers on behalf of [the Plaintiff] and that their security procedures were adequate." The Defendants argue that the fraud claim against Williams should be dismissed because Williams was not a party to any of the agreements upon which the fraud claim is based.[1]

---

[1] In support of this argument, the Defendants rely upon an inapposite Kentucky Court of Appeal case, Federal Deposit Insurance Corp. v. Gamaliel Farm Supply, Inc., 726 S.W.2d 709, 711-712 (Ky. App. 1987) (holding that when the holder of a note is not a holder in due course, it holds the note subject to all defenses of any party which would be available in an action of simple contract - including fraud in the inducement) and other Kentucky cases which stand for the general proposition that a party may be relieved from a contract by showing that he was fraudulently induced to enter into the contract by the other party. See, e.g., Goodin v. Turner, 300 S.W. 327, 328 (Ky. 1927). None of the cases cited by the Defendants pertain to whether the agent of a party to a contract may be held personally liable by another party for the tort of fraudulent inducement.

6

The Court finds the Defendants argument unpersuasive. It is commonly recognized that an agent is responsible for his own tortious acts, notwithstanding the agency relationship and regardless of whether the principal is also liable. Restatement (Third) of Agency, §7.01 (2006). And, indeed, the Kentucky Supreme Court has specifically held that "the agent of a corporation, albeit a principal shareholder and officer of the corporation, 'is personally liable for a tort committed by him although he was acting for the corporation.'" Smith v. Isaacs, 777 S.W.2d 912, 914(Ky. 1989)(quoting Peters v. Frey, 429 S.W.2d 847, 849 (Ky. 1968)). Thus, despite the Defendants argument to the contrary, the Court believes that, under Kentucky law, an agent for a disclosed principal may be personally liable in tort where the agent commits fraud which induces the other party to enter into a contract with the principal. See, e.g., Young, 2007 Ky.App. LEXIS at *23-24(recognizing that agents could be individually liable for any misrepresentations they personally made even though they were acting on behalf of a disclosed principal); Mirabile v. State Farm Ins. Co., 1994 U.S. Dist. LEXIS 17481, *15 (E.D.Pa. 1994)( "an agent acting on behalf of a dislcosed principal is not personally liable on a contract between his principal and the other party absent fraud on the part of the agent which induces the other party to enter into the contract"); St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins., 1993 U.S. Dist. LEXIS 7066, *16-17 (S.D.N.Y. 1993)("an agent for a disclosed principal may be liable where fraud is involved in making a contract on behalf of that principal").[2]

Thus, the Court concludes that there is a "colorable" basis for predicting that Kentucky courts might impose liability on Williams for fraudulent inducement.

**C. Other Claims**

---

[2] In their Motion to Dismiss, the Defendants also argue that the Plaintiff's claim for fraudulent inducement should be dismissed pursuant to Fed. R. Civ. P. 9(b) because it was not "stated with particularity." The Court, however, cannot consider this argument for dismissal since it lacks jurisdiction over the entire action.

7

Finally, the Defendants argue that the Plaintiff cannot state a claim against Williams individually for breach of contract, breach of the implied covenant of good faith and fair dealing, or for breach of a fiduciary duty. However, the Court need not consider these arguments since even if it were to hold that the Plaintiff could not be held liable under state law for any of the above, the Court would still lack jurisdiction based on the Plaintiff's claims against Williams for negligence and fraudulent inducement.

## IV. CONCLUSION

The Court holds that the Plaintiff has stated a "colorable" cause of action against Williams in its Complaint. Based on the facts alleged, Kentucky courts might impose liability on Williams for negligence and fraudulent inducement. Thus, the Court lacks diversity jurisdiction because Williams was not fraudulently joined.

For the foregoing reasons, the Plaintiff's motion to remand is **GRANTED** and the Defendants' motion to dismiss is moot. **IT IS SO ORDERED**.

cc: Counsel of Record
　　Muhlenberg Circuit Court